Chancellor Rutled ge
delivered the decree of the court»
When a man sets about making his will, it is to be presume¿ he means to dispose of the whole of his property, and not to die intestate as to any part of it, and that where he uses general words, he means to dispose of every thing he has.
In this cáse the testator, after giving several large pe» cuniary legacies, and devising some small parcels of lands he bequeaths to four nephews, named in his will, “ all the “ residue of his property, to be divided between them, when “ they come of age, ” There can be no doubt of testators intention in this case, to dispose of his whole estate real and personal; and there is no reason for confining the devise to personal property;, the word property being full as comprehensive as the word estate, and in Common parlance, includes both real and personal estate. The act abolishing the right of primogeniture has almost completely lev-elled all distinction between real and personal property. There is therefore no longer any substantial reason for the rigid construction and appropriation of certain words, as descriptive of particular species of property. The testator however in the last clause of his will has plainly defined his meaning of the word property, by disposing of the whole of his property to the Parish of St. Luke, for the benefit of the poor, if the deed therein mentioned is not carried into effect.
The court are of opinion that by the devise of the residue of his property, it is plain and evident that the testator intended to dispose of all his real and personal estate, to his four nephews, named in his will, and that such cle